TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00349-CR

Bruce Gambrell, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY

NO. 48,926, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

A jury found appellant Bruce Gambrell guilty of unlawfully carrying a handgun. 
See Tex. Penal Code Ann. § 46.02 (West Supp. 1999). The county court at law assessed
punishment at incarceration for 180 days and a $200 fine, but suspended imposition of sentence
and placed appellant on community supervision.

Appellant gave notice of appeal and requested a free appellate record. See Tex. R.
App. P. 20.2. Following a hearing, the motion was overruled. The appeal is before this Court
on a partial reporter's record consisting solely of the indigency hearing. In a single point of error,
appellant contends he established his indigence and the trial court erred by refusing to order a free
record.

The determination of indigency on appeal is a matter resting in the sound discretion
of the trial court, and is reviewable only for a clear abuse of that discretion. See Rosales v. State,
748 S.W.2d 451, 455 (Tex. Crim. App. 1987). There are no exact standards for determining
indigence, and each case must ultimately be decided on its own facts. Id. The defendant bears
the initial burden to substantiate his claim of indigence. Snoke v. State, 780 S.W.2d 210, 213
(Tex. Crim. App. 1989). Once he meets this burden, the burden shifts to the State to persuade
the trial court that he is not in fact indigent. Id.

Appellant was the only person to testify at the hearing below. He is enrolled at the
University of Texas, where he is a Ph.D. candidate. His tuition is approximately nine hundred
dollars per semester, and his books and supplies cost several hundred dollars more. He lives in
a house in rural Caldwell County for which he does not pay rent. He estimated that he spends
about two hundred dollars a month for food and about one hundred dollars a month for gasoline. 
He offered no other testimony regarding his living expenses. There is also no evidence as to the
estimated cost of the reporter's record of appellant's trial. 

Appellant commutes to school in his 1981 automobile. He owns some household
furnishings and appliances. He also owns the books he has purchased over the years of his
education, which he considers his professional library.

Appellant does not have a job and supports himself from savings. He declined to
answer questions about the amount of his savings. See Bell v. State, 768 S.W.2d 790, 805 (Tex.
App.--Houston [14th Dist.] 1989, pet. ref'd) (refusal to answer questions regarding income).

A court abuses its discretion only when the decision is so clearly wrong as to lie
outside that zone within which reasonable persons might disagree. See Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992). On this record, we cannot say that the trial court's
determination that appellant did not substantiate his claim of indigence was clearly wrong. 
Finding no abuse of discretion, we overrule the point of error.

The judgment of conviction is affirmed.

 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 15, 1999

Do Not Publish